## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Teresa Shepeard, individually, and as the Administrator of the Estate of Joshua Carl Shepeard, deceased,**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**Labette Health Foundation Inc., Dr. Jerry C. Bouman, Dr. Michael J. Farris and Air Methods Corporation, also having done business as Arch Air Medical Service, Inc.**<br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Case No.** 11-CV-1217-WEB-KGG |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Teresa Shepeard, individually and as the Administrator of the Estate of Joshua Carl Shepeard, deceased, and for her cause of action against the Defendants, states and alleges as follows:

1.      Plaintiff is a resident of the State of Kansas and is the surviving natural mother and heir of Joshua Carl Shepeard, deceased, and the duly appointed Administrator of the Estate of Joshua Carl Shepeard, deceased.

2.      Defendant, Labette Health Foundation Inc., is a Kansas corporation which owns and operates a hospital, Labette Health, providing health care services in the State of Kansas in Parsons, Labette County, Kansas, and may be served by serving its Resident Agent, William K. Mahoney, 1902 S. US Hwy 59, Parsons, Kansas 67357.

3.      Defendant, Jerry C. Bouman, M.D., may be personally served with process at 21004 Ness Rd., Parsons, Kansas, 67357.

4.      Defendant, Michael J. Farris, M.D., may be personally served with process at 3207 Southern Ave, Parsons, Kansas, 67357.

5.      Defendant, Air Methods Corporation, also having done business as Arch Air Medical Service, Inc., (hereinafter ARCH), is a foreign corporation, doing business in Kansas without authorization and may be served by serving its Chief Executive Officer, Aaron D. Todd at 7211 S. Peoria St., Denver/Centennial Airport, Englewood, Colorado 80112, and by service upon the Secretary of State, and by serving its registered agent, CT Corporations System, 120 S. Central Avenue, Clayton, Missouri, 63105.

6.      That at all times pertinent hereto, Defendant, ARCH operated an air ambulance service through its agents and employees, and therefore defendant ARCH would be liable for the negligence of its agents and employees under the theory of respondeat superior.

7.      That at all times pertinent hereto, Defendant, Labette Health Foundation, Inc., operated an ambulance service and an emergency room at Labette Health through its agents and employees and therefore Defendant, Labette Health Foundation, Inc. would be liable for the negligence of its agents and employees under the theory of respondeat superior.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 and 42 U.S.C. 1395dd.

2

9.      Venue is proper pursuant to 28 U.S.C. 1391(b).

10.     That Plaintiff has complied with all provisions of KSA 12-105(b)

## CAUSES OF ACTION

### COUNT I

11.     On August 30, 2009, Labette Health EMS responded to an accident scene at or around 1900 and Ness near Parsons, Labette County Kansas.  Joshua Carl Shepeard, deceased, had been injured in a motorcycle accident.   He sustained numerous injuries, including a deep laceration/partial amputation of the posterior left knee.  When Labette Health EMS arrived he had been bleeding profusely and continued to bleed.  Labette Health EMS failed to control the bleeding and recognize hemorrhagic shock.  In particular, they failed to apply tourniquets to control the bleeding.

12.     Joshua Carl Shepeard, deceased, was transported to Labette Health.  He was not stable upon presentation to Labette Health, and he was not stabilized by the Labette Health Emergency Department, Dr. Jerry C. Bouman or Dr. Michael J. Farris before transferring him to Freeman Health Center via ARCH.

13.     Defendant, ARCH accepted the transfer of Joshua Carl Shepeard, deceased, in an unstable condition and transported him to Freeman Health Center in an unstable condition without taking steps to control the bleeding and to recognize hemorrhagic shock.  In particular, the agents and employees of defendant ARCH failed to apply tourniquets to control the bleeding.

14.     The extreme blood loss suffered by Joshua Carl Shepeard, deceased, was abnormal and presented an emergency situation which required additional screening and stabilization of the patient, which emergency situation was known to the Labette Health EMS and Emergency Department, Dr. Jerry C. Bouman, Dr. Michael J. Farris and ARCH.

15.     Despite the existence and knowledge of an emergency situation, there was no additional screening, investigation, treatment, therapy, or admission to the hospital.  Joshua Carl Shepeard, deceased, was transferred in an unstable condition to Freeman Health Center.

16.     Due to the failure of the Labette Health EMS and Emergency Department, Dr. Jerry C. Bouman, Dr. Michael J. Farris and ARCH, to control the bleeding and stabilize Joshua Carl Shepeard, deceased, he went into shock and bled to death.

17.     That the Defendant, Labette Health Foundation, Inc., is a participating hospital as defined by 42 U.S.C. 1395dd (e)(2).

18.     That other patients of the EMS and Emergency Department of the Defendant, Labette Health Foundation, Inc., are provided additional screening, investigation, treatment, therapy, or admission to the hospital, and stabilized, when their vital signs and lab results indicate an emergency situation.

19.     That other patients of Dr. Jerry C. Bouman and Dr. Michael J. Farris are provided additional screening, investigation, treatment, therapy, or admission to the hospital, and stabilized, when their vital signs and lab results indicate an emergency situation.

20.    That other patients of Defendant ARCH, are provided additional screening, investigation, treatment, therapy, or admission to the hospital, and stabilized before transfer, when their vital signs and lab results indicate an emergency situation.

21.    That the Defendants', Labette Health Foundation, Inc., Dr Jerry C. Bouman, Dr. Michael J. Farris and ARCH, failure to properly screen and stabilize the patient was a departure from the accorded level of treatment provided to other patients.

22.    That the actions of the Defendants', Labette Health Foundation, Inc., Dr Jerry C. Bouman, Dr. Michael J. Farris and ARCH, on August 30, 2009, as it relates to the care, treatment and transfer without stabilization of Joshua Carl Shepeard, deceased, violated the requirements of the Emergency Medical Treatment and Active Labor Act (hereinafter referred to as "EMTALA").

23.    Without waiving general allegations of failure to comply with EMTALA, Plaintiff would allege the following specific violations:

a.    Failure to properly screen the patient in light of an emergency situation presented by significantly abnormal vital signs and labs;

b.    Discharge of the patient without definitive diagnosis within the capacity of the hospital;

c.    Discharging the patient in an unstable condition from the Emergency Department;

d.    Transferring the patient in an unstable condition;

e.    Accepting the transfer of an patient in an unstable condition, and failing to stabilize the patient during transfer.

24.     That as a direct and proximate result of the Defendants', Labette Health Foundation, Inc., Dr Jerry C. Bouman, Dr. Michael J. Farris and ARCH, negligence, Joshua Carl Shepeard, deceased, sustained damages in the form of medical expenses, loss of income, pain and suffering, mental anguish, temporary and permanent disability, and ultimately death.

25.     That as a direct and proximate result of the Defendants', Labette Health Foundation, Inc., Dr Jerry C. Bouman, Dr. Michael J. Farris and ARCH, negligence, the Plaintiff has sustained damages in the form of loss of filial care, attention, protection, economic support and other <u>Wentling</u> damages, funeral and burial expenses, mental anguish, suffering, bereavement, loss of society, comfort and companionship, and these damages continue.

## COUNT II

Plaintiff hereby incorporates paragraphs 1 through 25 above as if fully set forth herein, and further alleges and states:

26.     That on or around August 30, 2009, Defendant, Labette Health Foundation, Inc., by and through its employees and agents, performed an examination on Joshua Carl Shepeard, deceased, at the scene of the accident and at Labette Health. That the Defendant, Labette Health Foundation, Inc. by and through its employees and agents, negligently and carelessly failed to properly diagnose, treat, and stabilize Joshua Carl Shepeard, deceased, which led directly to his death.

27.     That the Defendant's, Labette Health Foundation, Inc., failure to diagnose, treat and stabilize the existing and progressive emergency situation was a breech of the

duty to use the degree of reasonable care required by the patient's known physical condition, which standard of reasonable care is the same care, skill, and diligence used by hospitals in the same or similar communities and circumstances.

28.     That as a direct and proximate result of the Defendant's negligence, Joshua Carl Shepeard, deceased, sustained damages in the form of medical expenses, loss of income, pain and suffering, mental anguish, temporary and permanent disability, and ultimately death.

29.     That as a direct and proximate result of the Defendant's negligence,  the Plaintiff has sustained damages in the form of loss of filial care, attention, protection, economic support and other Wentling damages, funeral and burial expenses, mental anguish, suffering, bereavement, loss of society, comfort and companionship, and these damages continue.

**COUNT III**

Plaintiff hereby incorporates paragraphs 1 through 25 above as if fully set forth herein, and further alleges and states:

30.     That on or around August 30, 2009, Defendant, Dr. Jerry C. Bouman, performed an examination on Joshua Carl Shepeard, deceased, at Labette Health. That the Defendant, negligently and carelessly failed to properly diagnose, treat, and stabilize Joshua Carl Shepeard, deceased, which led directly to his death.

31.     That the Defendant's, Dr. Jerry C. Bouman, failure to diagnose, treat and stabilize, the existing and progressing emergency situation was breech of the duty to use that degree of learning and skill ordinarily possessed and used by members of his

profession and of his school of medicine in the community in which he practices, or in similar communities, under like circumstance.   Further, the Defendant, Dr. Jerry C. Bouman failed to exercise ordinary care and diligence.

32.    That as a direct and proximate result of the Defendant's, Dr. Jerry C. Bouman's negligence, Joshua Carl Shepeard, deceased, sustained damages in the form of medical expenses, loss of income, pain and suffering, mental anguish, temporary and permanent disability, and ultimately death.

33.    That as a direct and proximate result of the Defendant's, Dr. Jerry C. Bouman's negligence, the Plaintiff has sustained damages in the form of loss of filial care, attention, protection, economic support and other Wentling damages, funeral and burial expenses, mental anguish, suffering, bereavement, loss of society, comfort and companionship, and these damages continue.

**COUNT IV**

Plaintiff hereby incorporates paragraphs 1 through 25 above as if fully set forth herein, and further alleges and states:

34.    That on or around August 30, 2009, Defendant, Dr. Michael J. Farris, performed an examination on Joshua Carl Shepeard, deceased, at Labette Health. That the Defendant, negligently and carelessly failed to properly diagnose, treat, and stabilize Joshua Carl Shepeard, deceased, which led directly to his death.

35.    That the Defendant's, Dr. Michael J. Farris, failure to diagnose, treat and stabilize, the existing and progressing emergency situation was breech of the duty to

use that degree of learning and skill ordinarily possessed and used by members of his profession and of his school of medicine in the community in which he practices, or in similar communities, under like circumstance.  Further, the Defendant, Dr. Michael J. Farris failed to exercise ordinary care and diligence.

36.    That as a direct and proximate result of the Defendant's, Dr. Michael J. Farris' negligence, Joshua Carl Shepeard, deceased, sustained damages in the form of medical expenses, loss of income, pain and suffering, mental anguish, temporary and permanent disability, and ultimately death.

37.    That as a direct and proximate result of the Defendant's, Dr. Michael J. Farris' negligence,  the Plaintiff has sustained damages in the form of loss of filial care, attention, protection, economic support and other Wentling damages, funeral and burial expenses, mental anguish, suffering, bereavement, loss of society, comfort and companionship, and these damages continue.


### COUNT V

Plaintiff hereby incorporates paragraphs 1 through 25 above as if fully set forth herein, and further alleges and states:

38.    That on or around August 30, 2009, Defendant, ARCH, by and through employees and agents accepted the transfer of Joshua Carl Shepeard, deceased, in an unstable condition.  Defendant, ARCH negligently and carelessly failed to properly diagnose, treat, and stabilize Joshua Carl Shepeard, deceased, while transferring him to Freeman Health Center.

39.     That the Defendant's ARCH, acceptance of the patient for transfer in an unstable condition, and the failure to diagnose, treat and stabilize, the existing and progressing emergency situation was a breech of the duty to use the learning and skill ordinarily used by other EMS personnel in the same and similar communities and circumstances, and also was a breech of the duty to use ordinary care and diligence.

40.     That as a direct and proximate result of the Defendant's, ARCH, negligence, Joshua Carl Shepeard, deceased, sustained damages in the form of medical expenses, loss of income, pain and suffering, mental anguish, temporary and permanent disability, and ultimately death.

41.     That as a direct and proximate result of the Defendant's, ARCH, negligence,  the Plaintiff has sustained damages in the form of loss of filial care, attention, protection, economic support and other <u>Wentling</u> damages, funeral and burial expenses, mental anguish, suffering, bereavement, loss of society, comfort and companionship, and these damages continue.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for civil money penalties pursuant to EMTALA, for survivorship damages in excess of $75,000.00 for the injuries, pain and suffering experienced by Joshua Carl Shepeard, deceased, prior to his death, and for wrongful death damages in excess of $75,000.00 for losses sustained by the Plaintiff, for her costs, and for such other and further relief as the Court deems just and equitable.

LOY LAW FIRM, L.L.C.
                And
PATRICK C. SMITH
112 West Fourth Street
P. O. Box B
Pittsburg, Kansas  66762
(620) 231-3960
Fax:  (620) 231-3985
E-mail:  pat@loylawfirm.kscoxmail.com
E-mail:  kurt@loylawfirm.kscoxmail.com


By:  s/Patrick C. Smith                         #13548

By:  s/Kurtis I. Loy                            #10537
Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

It is the request and demand of the Plaintiff that she be granted a jury trial

consisting of twelve (12) persons in the determination of this matter in controversy.


By:  s/Patrick C. Smith                         #13548

By:  s/Kurtis I. Loy                            #10537
Attorneys for Plaintiff