IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
THERESA SHEPEARD, individually,   )
and as the Administrator of the   )
Estate of                         )
JOSHUA CARL SHEPEARD, deceased,   )
                                  )
                  Plaintiff,      )   CIVIL ACTION
                                  )
v.                                )   No.  11-1217-MLB
                                  )
LABETTE COUNTY MEDICAL CENTER,    )
DR. JERRY C. BOUMAN,              )
DR. MICHAEL J. FARRIS,            )
and AIR METHODS CORPORATION,      )
                                  )
                  Defendants.     )
                                  )
```

**MEMORANDUM AND ORDER**

The following motions are pending before the Court: (1) Dr. Bouman's Motion to Dismiss, or in the alternative, for Summary Judgment, (Doc. 14); Air Methods Corporation's (Air Methods) Motion to Dismiss, or in the alternative, Partial Judgment on the Pleadings and Stay, (Doc. 18); Dr. Farris' Motion for Judgment on the Pleadings, (Doc. 29); and Air Methods' Renewed Motion to Dismiss, (Doc. 43). For the reasons stated below, the defendants' motions are granted.

I. Facts

On August 30, 2009 Joshua Shepeard was injured in a motorcycle accident near Parsons, Labette County, Kansas. He sustained numerous injuries, including a deep laceration / partial amputation of the posterior left knee. Joshua was transported to the Labette County Medical Center. Air Methods transferred Joshua from the Medical Center to Freeman Health Center in Joplin Missouri. Joshua died on

the way to Freeman Health Center.

Plaintiff filed this action which includes 5 claims. The first claim names all four defendants, and alleges a violation of the Emergency Medical Treatment and Active Labor Act (EMTALA). The second claim is a medical negligence claim against Labette County Medical Center. The third claim is a medical negligence claim against Dr. Bouman. The fourth claim is a medical negligence claim against Dr. Farris. The fifth claim is a medical negligence claim against Air Methods. Plaintiff initially filed identical claims in state court, but has since dismissed the case.

## II. Standard

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss under Rule 12(b)(6). Nelson v. State Farm Mut. Auto Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005).

To survive a motion pursuant to Rule 12(b)(6) a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007).

III. <u>Discussion</u>

a. <u>EMTALA</u>

Dr. Bouman, Dr. Farris, and Air Methods all request dismissal of the EMTALA claim, arguing that EMTALA only applies to hospitals.

EMTALA is not a federal malpractice or a negligence statute. The Purpose of EMTALA is to ensure that each patient is accorded the same level of treatment and to prohibit dumping of unstabilized patients. <u>Repp. V. Anadarko Mun. Hospital</u>, 43 F.3d 519, 522 (10th Cir. 1994).

EMTALA provides for civil penalties for hospitals and physicians that negligently violate the Act. 42 U.S.C. § 1395dd(d)(1). In <u>Delaney v. Cade</u>, 986 F.2d 387 (10th Cir. 1993), the Tenth Circuit examined this particular section of the statute, and ruled that the "plain language of the Act indicates individuals can bring civil actions only against participating hospitals." <u>Id.</u> at 394. In this decision, the Court considered a number of district court cases outside the Tenth Circuit that were split on whether the Act applied to someone other than a hospital. <u>Id.</u> at 393. The Court also considered a Fourth Circuit case that ruled that only the Secretary of Health and Human Services was allowed to enforce the Act against a doctor. <u>Id.</u>

Plaintiff does not dispute any defendants' claim that EMTALA does not apply to the doctors or Air Methods. The Tenth Circuit has clearly stated that EMTALA does not provide for a cause of action against the doctors. This ruling easily extends to Air Methods, as it is an ambulance service not owned or operated by a hospital. See <u>Madison v. Jefferson Parish Hosp. Serv. Dist. No. 1</u>, 1995 WL 396316

at *2 (E.D.La. June 30, 1995)(EMTALA applies to hospital property only, including ambulances owned and operated by the hospital); See also 42 CFR § 489.24 (Comes to the emergency department means ... patient ... is in a ground or air ambulance owned and operated by the hospital...). 42 C.F.R. § 489.24 (b)(3).  Plaintiff's EMTALA claim (Count 1) against Dr. Farris, Dr. Bouman, and Air Methods is dismissed for failing to state a claim upon which relief can be granted. Plaintiff has wasted this court's time and judicial resources by pursuing these claims. At Defendants' option, the court will consider motions for sanctions against Plaintiff's counsel.

b. <u>Supplemental Jurisdiction</u>

Defendants argue the court should not exercise supplemental jurisdiction over the state law medical negligence claims. Defendants contend that the state law claims predominate and there is no nexus between the EMTALA claim and the state law claims.

The court seemingly has original jurisdiction over the EMTALA claim against Labette County Medical Center. At least, Labette County has yet to file any dispositve motion directed to jurisdictional issues. Courts may exercise supplemental jurisdiction over claims that are so related to the claims of original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). However, the "district court may decline to exercise supplemental jurisdiction over a claim ... if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. 1367(c)(2).

Factors such as judicial economy, convenience, fairness, and comity should be considered in determining if state law claims

substantially predominate.  <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).  A state law claim that arises from the same common nucleus of operative facts as the federal claim forms part of the same case or controversy for purposes of Article III.  <u>United Inter'l Holdings, Inc. V. Wharf (Holdings) Ltd.</u>, 210 F.3d 1207, 1220 (10th Cir. 2000).  The decision to exercise supplemental jurisdiction is left to the discretion of the court.  The court declines to do so.

IV. <u>Conclusion</u>

IT IS THEREFORE ORDERED that Dr. Bouman's Motion to Dismiss, or In the Alternative, for Summary Judgment (Doc. 14) is sustained.

IT IS FURTHER ORDERED that Dr. Farris' Motion for Judgment on the Pleadings (Doc. 29) is sustained.

IT IS FURTHER ORDERED that Air Methods' Motion to Dismiss or in the Alternative for Partial Judgment on the Pleadings (Doc. 18) and the Renewed Motion (Doc. 43) is sustained.

IT IS FURTHER ORDERED that the court will not exercise supplemental jurisdiction over Plaintiff's state law claims against Dr. Bouman, Dr. Farris, or Air Methods.

IT IS SO ORDERED.

Dated this 30th day of March 2012, at Wichita, Kansas.

 s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE