# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TERESA SHEPEARD, individually )
and as administrator of the estate of )
JOSHUA CARL SHEPEARD, )
deceased, )
 )
       Plaintiff, ) Case No. 11-1217-MLB-KGG
 )
vs. )
 )
LABETTE COUNTY MEDICAL )
CENTER, )
*et al.*, )
 )
       Defendants. )
 )

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion to Compel seeking supplemental information regarding Defendant's non-retained expert witness disclosures pursuant to Fed.R.Civ.P. 26(a)(2)(C). Having reviewed the submissions of the parties, including the witness disclosures at issue, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion.

Fed.R.Civ.P. 26(a)(2)(C) mandates that if a non-retained expert witness "is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of

Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Defendant accurately points out that "there is little to no guidance" in the context of case law as to "what constitutes a sufficient summary under Fed.R.Civ.P. 26(a)(2)(C) that would obviate any danger of unfair surprise" regarding the potential factual and/or opinion testimony of non-retained witnesses. (Doc. 117-1 at 4.) Plaintiff generally argues, however, that Defendant has "failed to identify the subject matter" on which certain witnesses are to testify and "has made no attempt to summarize the facts and opinions to which the witness is expected to testify." (Doc. 116, at 2.)

As to experts A - F, H, and I, all of whom provided various types of medical care to Plaintiff, Defendant has stated that they will "provide testimony on the facts at issue in this case . . . ." (*Id.*, at 6-7.) Clearly this is not a sufficient summary of facts as contemplated by Rule 26 for the simple reason that not a single fact is referenced beyond a passing, introductory reference to the general type of care the individuals provided. Defendant does little more in regard to the opinions on which these individuals will testify, generally referring to "medical opinions on all aspects of the case" (witnesses A, B), "expert opinions on paramedic care" (witnesses C, D, E, F), and "opinion testimony related" to care given as an air ambulance nurse (witnesses H, I). (*See id.*) The Court finds this to be patently

2

insufficient as no actual, specific opinions have been summarized or even referenced. Plaintiff's motion is **GRANTED** as to Defendant's disclosures regarding non-retained expert witnesses A - F, H, and I.

Conversely, the Court finds that Defendant's disclosures regarding witnesses G, L, and M are sufficient, albeit succinct. The individuals involved performed specific, identifiable tasks relating to the decedent and/or the accident at issue – the autopsy (witness G) and the responding to the accident (witnesses L, M). There were also reports/documents generated by these witnesses, which should provide Plaintiff with adequate information as to the involvement and relevant opinions of these witnesses. (*See* Doc. 117-1, at 2, 3.) Plaintiff's motion is **DENIED** as to Defendant's disclosures regarding non-retained expert witnesses G, L, and M.

Finally, Defendant has designated two of Plaintiff's experts (witnesses J and K). In it's witness disclosure, Defendant merely states that it "cross-designates . . . Plaintiff's retained expert witnesses." (Doc. 116, at 8.) Plaintiff argues that this "does not relieve Defendant of its duty to follow the statute [sic] in making its designation." (Doc. 116, at 2.) Plaintiff continues that "if Defendant is going to illicit opinions beyond those expressed in the designations or in the depositions [of these witnesses], Plaintiff should have proper notice through compliance with the statutory requirements." (*Id.*) The Court agrees that Defendant's designation of

these two individuals is in noncompliance with the mandates of Fed.R.Civ.P. 26. Plaintiff's motion is, therefore, **GRANTED** as to Defendant's disclosures regarding non-retained expert witnesses J and K.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 115) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

Dated at Wichita, Kansas, on this 7th day of March, 2013.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge